## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **VICTOR YEFREMENKO** | CASE NO. 1:11-cv-02042 |
| Plaintiff, | Judge Donald C. Nugent |
| | Magistrate Judge _____ |
| v. | |
| **LVNV FUNDING, LLC, et al.** | |
| Defendants. | **ANSWER OF LVNV FUNDING, LLC** |

Defendant LVNV Funding, LLC ("LVNV") as and for its Answer to the Complaint of Victor Yefremenko ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. LVNV denies the allegations set forth in numbered paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief.

2. LVNV denies the allegations set forth in numbered paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief.

3. LVNV denies the allegations set forth in numbered paragraph 3 of the Complaint.

4. In response to numbered paragraph 4 of the Complaint, LVNV admits that Plaintiff has put his dispute into writing.  To all other extents, LVNV denies the remaining allegations set forth in said paragraph.

5. In response to numbered paragraph 5 of the Complaint, LVNV adopts by reference paragraphs 1 through 4 of this Answer as though fully set forth herein.

6. LVNV denies the allegations set forth in numbered paragraph 6 of the Complaint.

7. LVNV denies the allegations set forth in numbered paragraph 7 of the Complaint.

8. LVNV denies the allegations set forth in numbered paragraph 8 of the Complaint.

9. LVNV denies the allegations set forth in numbered paragraph 9 of the Complaint.

10. In response to numbered paragraph 10 of the Complaint, LVNV adopts by reference paragraphs 1 through 9 of this Answer as though fully set forth herein.

11. In response to numbered paragraph 11 of the Complaint, LVNV states that the FCRA speaks for itself and that no response to said paragraph is therefore required. LVNV denies any remaining allegations that may be set forth in paragraph 11 of the Complaint.

12. LVNV denies the allegations set forth in numbered paragraph 12 of the Complaint.

13. LVNV denies the allegations set forth in numbered paragraph 13 of the Complaint.

14. In response to numbered paragraph 14 of the Complaint, LVNV adopts by reference paragraphs 1 through 13 of this Answer as though fully set forth herein.

15. In response to numbered paragraph 15 of the Complaint, LVNV states that the FDCPA speaks for itself and that no response to said paragraph is therefore

required. LVNV denies any remaining allegations that may be set forth in paragraph 15 of the Complaint.

16. LVNV denies the allegations set forth in numbered paragraph 16 of the Complaint.

17. LVNV denies the allegations set forth in numbered paragraph 17 of the Complaint.

18. LVNV denies the allegations set forth in numbered paragraph 18 of the Complaint.

19. In response to numbered paragraph 19 of the Complaint, LVNV adopts by reference paragraphs 1 through 18 of this Answer as though fully set forth herein.

20. In response to numbered paragraph 20 of the Complaint, LVNV states that the OCSPA and case law cited speak for themselves and that no response to said paragraph is therefore required. LVNV denies any remaining allegations that may be set forth in paragraph 20 of the Complaint.

21. LVNV denies the allegations set forth in numbered paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of LVNV.

### THIRD DEFENSE

Any violation of the FDCPA, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

LVNV further asserts, pleads and incorporate by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b), including but not limited to, insufficient process and insufficient service of process.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against LVNV.

### SIXTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

### SEVENTH DEFENSE

LVNV reserves the right to seek its reasonable attorneys' fees and costs pursuant to the 15 U.S.C. §§ 1692k(a)(3) and/or ORC § 1345.09(F) if the Court deems Plaintiff's action was brought in bad faith and/or for the purpose of harassing LVNV.

### EIGHTH DEFENSE

Plaintiff's defamation claim is preempted by the FCRA.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.  Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2.  Awarding LVNV such other and further relief as the Court deems just and equitable.

DATED this 4TH day of October, 2011.

| Of Counsel: | Respectfully submitted: |
|---|---|
| Cors & Bassett, LLC<br>537 East Pete Rose Way<br>Suite 400<br>Cincinnati, Ohio  45202-3578 | /s/ Kevin R. Feazell<br>Kevin R. Feazell (#0059634)<br>537 East Pete Rose Way<br>Suite 400<br>Cincinnati, OH  45202-3578<br>513-852-8200 phone<br>513-852-8222 fax<br>krf@corsbassett.com<br><br>Trial Attorney for Defendant<br>LVNV Funding LLC |

## CERTIFICATE OF SERVICE

The undersigned further certifies that on the 4th day of October, 2011, the undersigned filed this Answer electronically using the Court's CM/ECF system which will send notification of such filing to the following:

Gene M. Limm, Esq.
8775 Olde Eight Road
Northfield Center, OH  44067

/s/ Kevin R. Feazell
Kevin R. Feazell

472970.1

5